# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

WILLIAM HARRIS,
*Defendant-Appellant.*

No. 11-10053

D.C. No.
4:08-cr-00704-
CKJ-HCE-02

OPINION

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted
February 16, 2012—San Francisco, California

Filed May 25, 2012

Before: Betty B. Fletcher, John T. Noonan, and
Richard A. Paez, Circuit Judges.

Opinion by Judge Noonan

5861

## COUNSEL

Robert L. Miskell, Assistant United States Attorney, Tucson, Arizona, for the plaintiff-appellee.

Walter Eric Raw, Assistant Federal Public Defender, Tucson, Arizona, for the defendant-appellant.

## OPINION

NOONAN, Circuit Judge:

William Harris appeals his sentence of 188 months following his conviction of three counts of assaulting a federal cor-

rectional officer. The sentence was imposed by a judge other than the trial judge, whose unavailability for sentencing was unexplained. A judge visiting the District of Arizona imposed the sentence with insufficient familiarity with the case. Because of that unfamiliarity and the unjustified replacement of the trial judge, the sentencing violated Federal Rule of Criminal Procedure 25(b) with prejudice. We vacate the sentence and remand for sentencing by the trial judge.

## FACTS

William Harris, 35 years old, is a member of the Salt River-Maricopa Indian Tribe. He left school at age 14. He has a history of depression, mental disturbances, and substance abuse. In 1994, age 18, he was convicted of aggravated assault and sentenced to three years in Arizona state prison. On release from prison, his schizophrenic behavior continued as did his heavy drinking. In 2001, he suffered organic brain damage in an automobile accident. He was repeatedly convicted in tribal court of disorderly conduct with sentences of typically no more than 30 days in jail. On the evening of February 2, 2004, he joined in a physical assault on a Navajo drinking companion. He was convicted of assault causing serious bodily injury and sentenced in 2007 to 108 months in federal prison.

On March 20, 2008, incarcerated for this offense, he had not been taking the prescribed medicine for his psychiatric troubles and he had been drinking homemade wine to the point of intoxication. Another prisoner, Philbert Antone, was without permission visiting his cell. Corrections Officer Brian Fitzgerald attempted to remove Antone, who resisted removal. Sanford Chiago, another prisoner, joined in the attack on the guard. Harris joined the attack by throwing a plastic chair at the guard. Corrections Officer Noel Pasillas came to Fitzgerald's defense. According to Pasillas, Harris threw multiple chairs at him and stabbed Pasillas with a homemade knife.

## PROCEEDINGS

In May 2008, Antone, Chiago, and Harris were scheduled for trial. The government offered all three a plea bargain with a 60-month sentence. The defendants accepted. The Presentence Investigation Report ("PSR") recommended rejection of the agreement. Antone and Chiago were already serving life sentences for murder. The PSR recommended 110 months for Antone, 97 months for Chiago, and 188 to 235 months for Harris, characterized as a career offender. On October 23, 2009, at the government's urging, the district court accepted the plea agreements in Antone and Chiago's cases and sentenced them to 60 months.

On May 28, 2010, the district court rejected the 60-month sentence offered to Harris. The trial judge stated that "protecting the community" is "one of the primary functions that this Court needs to have in fashioning an appropriate sentence." She also observed that the Guidelines mattered. She added that her rejection of the plea did not mean that she would not "accept another plea agreement, possibly, that has a different sentence," and that it "[did]n't necessarily have to be a guideline sentence." She acknowledged the arguments of Eric Rau, counsel for Harris, and stated, "Again, I am willing to possibly accept a plea agreement that does contemplate going below this guideline range . . . ."

Trial followed. Harris was found by a jury to be guilty on all three counts of assault on a federal officer.

A new PSR was filed. Harris filed two memoranda on sentencing, May 12, 2010 and January 14, 2011. Sentencing was postponed to February 1, 2011. On that date the trial judge was not present at Harris's sentencing. Her place was taken by Linda Reade, Chief Judge of the Northern District of Iowa, who was visiting the district court in Arizona.

Judge Reade stated that she was "generally familiar with the record," but that "other than what's in the official records

of the Court, the Court has no independent information concerning this case or this defendant." She stated that she had read the PSR and had the defendant's objections to it. The defense moved to postpone sentencing so that it could be done by the trial judge. Judge Reade said: "Well, it's my understanding that when there is a visiting judge, that the regular district judges in this district pull cases that are appropriate for disposition by the visiting judge." She continued with the sentencing.

Each of the two guards who had been assaulted now testified. Harris was invited to testify but declined. Counsel for both sides addressed the court. Judge Reade referred to the PSR and then sentenced Harris to 188 months, the bottom of the Guidelines range.

Harris appeals, arguing that (1) the district court abused its discretion by rejecting the plea agreement; (2) the visiting judge abused her discretion by sentencing Harris in violation of Federal Rule of Criminal Procedure 25(b) and despite a lack of familiarity with the record; and (3) his sentence is substantively unreasonable.

## ANALYSIS

1.   The rejection of the plea agreement

**[1]** Harris first argues that the district court should not have rejected his plea agreement. We review a district court's decision to reject a plea agreement for abuse of discretion. *In re Morgan*, 506 F.3d 705, 708 (9th Cir. 2007). "[A] district court properly exercises its discretion when it rejects a plea agreement calling for a sentence the court believes is too lenient or otherwise not in the public interest in light of the factual circumstances specific to the case." *Id.* at 712 (internal quotation marks omitted). Here, the district court did not abuse its broad discretion when it rejected Harris's plea agree-

ment because the stipulated sentence failed to adequately protect the community.

2.   The violation of Fed. R. Crim. P. 25(b)

Harris next argues that his sentencing by a visiting judge was conducted in violation of Federal Rule of Criminal Procedure 25(b). When a sentencing judge has not presided over trial, this court reviews the decision to proceed with sentencing for an abuse of discretion. *United States v. Jones*, 982 F.2d 380, 385 (9th Cir. 1992).[1]

**[2]** "After a verdict or finding of guilty, any judge regularly sitting in or assigned to a court may complete the court's duties if the judge who presided at trial cannot perform those duties because of absence, death, sickness, or other disability." Fed. R. Crim. P. 25(b)(1). The Advisory Committee Notes indicate that the rule is intended to cover situations in which

> a judge who has been assigned . . . to try the case is, at the time for sentence, [ ] back at his regular place of holding court which may be several hundred miles from the place of trial. It is not intended, of course, that substitutions shall be made where the judge who tried the case is available within a reasonable distance from the place of trial.

Fed. R. Crim. P. 25 advisory committee's note (1966 Amendments).

---

[1]The government argues that we should review this claim only for plain error because Harris failed to frame his objection in the express terms of Rule 25(b). We conclude that Harris's request that his sentencing be reset before the original trial judge was sufficient to preserve this claim for appeal. *See United States v. Pallares-Gallan*, 359 F.3d 1088, 1095 (9th Cir. 2004).

**[3]** The judge who presided at trial was neither dead nor sick. There has been no showing that she was absent from the district nor otherwise disabled so that she could not perform the sentencing. Asked at oral argument in this court why he thought she did not do the sentencing, government counsel stated that he believed that the court was "in turmoil" following the fatal shooting of Chief Judge John Roll. Such turmoil would not constitute a reason under Rule 25(b), whose violation appears to be undisputed.

**[4]** Furthermore, the visiting judge was not sufficiently familiar with the record. *See, e.g.*, *Jones*, 982 F.2d at 385. Judge Reade was familiar with the PSR and had Harris's objections to it. She was not, however, familiar with the trial transcript. If familiarity with the PSR qualified a judge to sentence, it would become routine for visitors to replace trial judges at sentencing. Judge Reade's comment on the practice in Arizona, quoted here, suggests that it had already became so in Arizona.

**[5]** Rule 25(b) articulates a standard that assumes it to be important that sentencing be done by "the judge who presided at trial." Why is it important? Because only that judge has had the opportunity to observe every aspect of the trial and to take into account in sentencing what has been observed. Sentencing is an art, not to be performed as a mechanical process but as a sensitive response to a particular person who has a particular personal history and has committed a particular crime. Lack of sufficient familiarity with the details of that person's trial is prejudicial to him. We conclude that because the absence of the original trial judge was not in accordance with Rule 25(b), and the visiting judge was not sufficiently familiar with the record, the visiting judge abused her discretion by conducting Harris's sentencing.

Because Harris's sentence must be vacated, we do not address his final argument that his sentence was substantively unreasonable.

**[6]** For the reasons stated, the sentence is VACATED and the case is REMANDED for sentencing by the trial judge.