**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50327 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00263-PA |
| v. | |
| JOSE VICTOR MENDEZ, a.k.a. Jose Victor Mendez Baragona, a.k.a. Juan Carlos Salgeros, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Jose Victor Mendez appeals from the 60-month sentence imposed following

his guilty-plea conviction for illegal reentry after deportation, in violation of 8

U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Mendez first contends that the district court abused its discretion by rejecting his binding plea agreement. Contrary to Mendez's argument, the court explained its reasons for rejecting the agreement, stating that the stipulated sentence did not adequately reflect the seriousness of the offense or the need to protect the public. The cout did not abuse its discretion by rejecting the plea agreement on this basis. *See United States v. Harris*, 679 F.3d 1179, 1182 (9th Cir. 2012).

Mendez next contends that the district court procedurally erred because it failed adequately to explain the sentence, and because it clearly erred in concluding that he is likely to reoffend. These contentions fail. The district court stated that a within-Guidelines sentence was warranted in view of Mendez's extensive criminal history and his failure to be deterred by a prior sentence for an illegal reentry offense. This explanation was plainly sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the record supports the district court's determination that Mendez is likely to reoffend.

Mendez finally contends that the sentence is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, the sentence is substantively reasonable. *See id.* at 993.

**AFFIRMED.**

2                                                          11-50327