FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50008 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00936-PA-1 |
| v. | |
| ALEJANDRO MELCHOR GUTIERREZ, AKA Alejandro Gutierrez Melchor, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted May 15, 2014
Pasadena, California

Before: KOZINSKI, Chief Judge, and WARDLAW and FISHER, Circuit Judges.

Alejandro Melchor Gutierrez appeals the district court's imposition of a 77-month term of incarceration and a three-year term of supervised release, following his conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Melchor contends that the Government breached the Rule 11(c)(1)(C) plea agreement by implicitly arguing for a sentence greater than that which the parties had agreed to recommend. We hold that there was no plain error because, even assuming breach, Melchor has not shown that the alleged error affected his substantial rights. *See United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1188-89 (9th Cir. 2013). Furthermore, the district court did not abuse its discretion in rejecting the plea agreement, because it adequately set forth its reasons for rejection in light of the specific circumstances of this case. *See United States v. Harris*, 679 F.3d 1179, 1182 (9th Cir. 2012).

Melchor also challenges the procedural and substantive reasonableness of his term of imprisonment. Melchor's procedural challenge fails under the plain error standard because there is no reasonable probability that he would have received a different sentence absent the district court's alleged errors. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008). In addition, considering the totality of the circumstances, including Melchor's criminal history and prior deportations, the within-Guidelines sentence is substantively reasonable. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009).

The district court did not plainly err by imposing a three-year term of supervised released. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012).

**AFFIRMED.**