**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> URIEL VIDAL CARDENAS, AKA Uriel Cardenas, AKA Uriel Ocampo, <br><br> Defendant - Appellant. | No. 13-50045 <br><br> D.C. No. 2:12-cr-01070-PA-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted May 15, 2014
Pasadena, California

Before: KOZINSKI, Chief Judge, and WARDLAW and FISHER, Circuit Judges.

Uriel Cardenas appeals the district court's imposition of a 33-month term of

incarceration and a three-year term of supervised release, following his conviction

for being a removed alien found in the United States, in violation of 8 U.S.C. §

1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Cardenas argues for the first time on appeal that the Government breached the Rule 11(c)(1)(C) plea agreement by implicitly arguing for a sentence greater than that which the parties had agreed to recommend. We hold that there was no plain error because, even assuming breach, Cardenas has not shown that the alleged error affected his substantial rights. *See United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1188-89 (9th Cir. 2013). Furthermore, the district court did not abuse its discretion in rejecting the plea agreement. The court adequately explained its decision to reject the agreement. *See United States v. Harris*, 679 F.3d 1179, 1182 (9th Cir. 2012).

Cardenas also challenges for the first time the procedural and substantive reasonableness of his term of imprisonment. Cardenas's procedural challenge fails under the plain error standard because there is no reasonable probability that he would have received a different sentence absent the district court's alleged errors. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008). In addition, considering the totality of the circumstances, including Cardenas's criminal history and prior deportations, the within-Guidelines sentence is substantively reasonable. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various [§ 3553(a)] factors in a particular case is for the discretion of the district court.").

The district court did not plainly err by imposing a three-year term of supervised release. The court provided a sufficiently "specific and particularized explanation" of its decision to impose supervised release. *United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012).

Finally, the district court's written judgment need not be amended. Addition of the word "ordinance" to the written judgment merely clarified an ambiguity in the district court's oral pronouncement of sentence. *See United States v. Napier*, 463 F.3d 1040, 1043 (9th Cir. 2006).

**AFFIRMED.**