**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10052 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00405-CKJ-LAB-1 |
| v. | |
| JULIO CESAR GARCIA-CASTANEDA, AKA Julio Cesar Garcia-Castaneda, AKA Julio Garcia-Torres, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted July 15, 2019[**]

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Julio Cesar Garcia-Castaneda appeals from the district court's judgment and

challenges the 40-month sentence imposed following his guilty-plea conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Garcia-Castaneda contends that the district court abused its discretion by rejecting the parties' plea agreement. We disagree. The district court acted within its discretion because it thoroughly detailed its individualized reasons for rejecting the plea agreement, including Garcia-Castaneda's extensive and violent criminal history. *See United States v. Harris*, 679 F.3d 1179, 1182 (9th Cir. 2012).

Garcia-Castaneda next contends that the district court erred by determining that his criminal history warranted an upward departure. We review the district court's decision to depart from the Guidelines as part of our overall review of the substantive reasonableness of the sentence. *See United States v. Ellis*, 641 F.3d 411, 421-22 (9th Cir. 2011). The sentence here is not an abuse of discretion in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Garcia-Castaneda's significant criminal and immigration history. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Moreover, contrary to Garcia-Castaneda's contention, the district court's findings regarding the seriousness of his criminal history were not clearly erroneous. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010).

**AFFIRMED.**